In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00240-CR**
_____

**MICHAEL DAVID MILLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. F22-40827**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Michael David Miller with intoxication manslaughter, a second-degree felony. *See* Tex. Penal Code Ann. § 49.08. Miller pleaded guilty to the offense. The State did not consent to Miller's waiver of a jury trial as to punishment. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) ("The defendant in a criminal prosecution . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be . . . with the consent and approval of the court, and the attorney representing the state."). Miller

1

pleaded guilty in the jury's presence, and after hearing evidence on punishment, the jury found that Miller used or exhibited a weapon—his vehicle—during the offense, and the jury assessed punishment at eighteen years of incarceration. The trial court sentenced Miller in accordance with the jury's verdict. Miller timely filed an appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Miller to file a pro se brief, and we received no response from Miller.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

      AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 14, 2025
Opinion Delivered April 23, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Miller may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.